Exhibit A



# KECHES | LAW | GROUP
A PROFESSIONAL CORPORATION

2 Granite Avenue, Suite 400
Milton, MA 02186

508-822-2000
508-822-8022 Fax

www.kecheslaw.com

George N. Keches
Brian C. Cloherty
Brian C. Dever
Charlotte E. Glinka
Seth J. Elin
Claudine A. Cloutier*
Sean C. Flaherty
Brian R. Sullivan
Boaz N. Levin
Andrew M. Abraham
Judith B. Gray**
Jason R. Markle
Loren E. Laskoski*
Erica L. Pereira
Ronald F. Belluso
Suzanne CM McDonough***
Lauren Van Iderstine
Adam H. Becker
Christopher M. Hendricks
Joseph F. Culgin
Karen S. Hambleton
Kaylene M. Crum
John D. Blaisdell
Timothy P. Cellino^
Griffin F. Hanrahan
Timothy A. Nolte, Jr.
Stephanie D. Scotto*
Kelli Skog Silva
Robert J. Cirafice
Stephen J. Allard
Martin R. Sabounjian
William J. Raymond
Allison M. Cogliano
Matthew R. Ferran^^^
Karen A. Zahka**
John D. Hislop, III
Julie Jyang
Abbie G. Rosen
Patrick B. Gillespie
Harrison L. Lebov^^

Of Counsel:
Ann Marie Maguire
Hon. Armand Fernandes, Jr. (Ret.)
Maria M. Scott

December 3, 2020

SENT VIA CERTIFIED MAIL          9171 9690 0935 0113 3627 40

Citgo Petroleum Corporation
1293 Eldridge Parkway
Houston, TX 77077

RE:   **Luis Rivera v. Citgo Petroleum Corporation**
      **Norfolk Superior Court Civil Action No: 2082CV00896**

Dear Sir or Madam:

Enclosed please find the following documents:

1. Summons
2. Complaint & Jury Demand
3. Civil Tracking Order
4. Plaintiff's First Set of Interrogatories to the Defendant, Citgo Petroleum Corporation,
5. Plaintiff's First Request for Production of Documents to the Defendant, Citgo Petroleum Corporation,
6. Plaintiff's Notice of Taking Deposition of the Defendant, Citgo Petroleum Corporation, and
7. Civil Action Cover Sheet

Pursuant to the provisions of Massachusetts General Laws, Ch. 223 A, et seq., and the applicable provisions of Mass. R. Civ. P. 4(e), please allow this correspondence to serve as sufficient service of process of the enclosed documents which have been duly filed in the Norfolk Superior Court. This service of process is made in conjunction with the Long Arm Statute for service upon out-of-state defendants.

Please be advised in accordance with the Summons and service of process, you have twenty (20) days after receipt of the enclosed Summons and Complaint, exclusive of the day you receive same, within which to file your Answer to this Complaint.

Please refer this correspondence to the immediate attention of your legal representative.

Thank you for your professional courtesy and anticipated cooperation regarding this matter.

Very Truly Yours,

KECHES LAW GROUP, P.C

Jason R. Markle
JRM/bmr
Enclosures:

* Admitted in MA and RI
** Admitted in MA, RI and CT
*** Admitted in MA and NH
^ Admitted in MA and NY
^^ Admitted in MA and CT
^^^ Admitted in MA and FL

| Boston | Taunton | Fall River | New Bedford | Worcester |
| 617-426-7900 | 508-822-2000 | 508-676-7900 | 508-994-7900 | 508-798-7900 |

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.   20       897

Luis Rivera_____, *Plaintiff(s)*

v.

Citgo Petroleum Corporation_____, *Defendant(s)*

## SUMMONS

To the above-named Defendant:

    You are hereby summoned and required to serve upon Jason Markle, esq
plaintiff's attorney, whose address is Keches Law Group, P.C. 2 Granite Ave, Suite 400 Milton,
MA 02186
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

    WITNESS,   JUDITH FABRICANT, Esquire   , at _____ the _____
day of _____, in the year of our Lord two thousand and _____

_____ Clerk.

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO:

LUIS RIVERA,
          Plaintiff,

v.

CITGO PETROLEUM CORPORATION,
          Defendant

**20     897**

## COMPLAINT AND JURY DEMAND

### PARTIES AND FACTS

1. The Plaintiff, Luis Rivera, is an individual who resides at 142 Sarah Sherman Road, Rochester, Plymouth County, Massachusetts.

2. The Defendant, Citgo Petroleum Corporation, is a foreign corporation with its principal place of business located at 1293 Eldridge Parkway, Houston, Texas.

3. Pursuant to M.G.L. c. 223A § 3, jurisdiction over the person of the Defendant, Citgo Petroleum Corporation, is based upon the following:

   a. The Defendant's transacting business in the Commonwealth of Massachusetts;

   b. The Defendant's contracting to supply services or things in the Commonwealth of Massachusetts;

   c. The Defendant's causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

   d. The Defendant's causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside the Commonwealth of Massachusetts, along with its regularly doing business or soliciting business, or engaging in any other persistent course of conduct to derive in substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts, and as set forth in M.G.L. c.223A § 3.

4. On or about September 24, 2017, and at all times material herein, the Defendant, Citgo Petroleum Corporation, owned and/or managed and/or maintained the premises located at 385 Quincy Avenue, Braintree, Norfolk County, Massachusetts ("the premises").

5. On or about September 24, 2017, the Plaintiff was lawfully on the premises acting in the course and scope of his employment for Volta Oil.

PLAINTIFF'S CLAIM AGAINST THE DEFENDANT,
CITGO PETROLEUM CORPORATION

COUNT I - NEGLIGENCE

6.    The Plaintiff repeats and reavers the foregoing paragraphs as if set forth fully herein.

7.    On or before September 24, 2017, the Defendant, Citgo Petroleum Corporation, had a duty to exercise reasonable care and to maintain the premises in a reasonably safe condition and free from all foreseeable hazards and dangerous conditions.

8.    On or before September 24, 2017, the Defendant breached its duty by negligently causing or failing to repair uneven pavement on the premises.

9.    On or about September 24, 2017, as a direct and proximate result of the Defendant's negligence, the Plaintiff was caused to fall to the ground, thereby sustaining personal injuries.

10.   As a direct and proximate result of the Defendant's negligence, the Plaintiff has suffered severe personal injuries, including pain and suffering, has incurred and continues to incur expenses for his medical care and treatment, has been caused to suffer and continues to suffer a loss of earnings and/or earning capacity, and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

11.   At all material times, the Plaintiff was in the exercise of due care and free of all comparative negligence.

12.   The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

        WHEREFORE, the Plaintiff, Luis Rivera, demands judgment against the Defendant, Citgo Petroleum Corporation, in the amount of his damages, together with interest, costs and reasonable attorneys' fees.

JURY CLAIM

        The Plaintiff requests a jury trial on all claims set forth herein.


                                              Respectfully Submitted,

                                              The Plaintiff,
                                              By his Attorneys,

                                              /s/ Jason Markle

                                              Jason R. Markle
                                              BBO # 665875
                                              KECHES LAW GROUP, P.C.
                                              122 Dean Street
                                              Taunton, MA 02780
                                              Tel. No.: (508) 822-2000
                                              Email: jmarkle@kecheslaw.com

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br><br>2082CV00896 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Rivera, Luis vs. Citgo Petroleum Corporation | | Walter F. Timilty, Clerk of Courts |
| TO: Jason R Markle, Esq.<br>Keches Law Group, P.C.<br>2 Granite Ave<br>Suite 400<br>Milton, MA 02186 | | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                                                        DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/21/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 01/19/2021 | |
| All motions under MRCP 12, 19, and 20 | 01/19/2021 | 02/18/2021 | 03/22/2021 |
| All motions under MRCP 15 | 01/19/2021 | 02/18/2021 | 03/22/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 07/19/2021 | | |
| All motions under MRCP 56 | 08/17/2021 | 09/16/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/14/2022 |
| Case shall be resolved and judgment shall issue by | | | 09/21/2022 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED<br><br>**09/21/2020** | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO: 2082CV00896

LUIS RIVERA and )
KERRI RIVERA, )
        Plaintiffs, )
 )
v. )
 )
CITGO PETROLEUM )
CORPORATION, )
        Defendant )

### PLAINTIFF LUIS RIVERA'S INTERROGATORIES PROPOUNDED UPON THE DEFENDANT, CITGO PETROLEUM CORPORATION

Under authority of Rule 33, Massachusetts Rules of Civil Procedure, you are hereby requested to answer in writing and under oath, within forty-five (45) days from hereof, unless ordered to be answered in shorter time by the Court, the following Interrogatories:

NOTE: These Interrogatories are intended as continuing Interrogatories requiring you to provide supplemental answers, setting forth any information within the scope of these Interrogatories as may be required by you, your agents(s), attorney(s), or representative(s) following your original answer or as otherwise required by Rule 26 of the Massachusetts Rules of Civil Procedure.

### Definitions

1. The term "Plaintiff" shall mean Luis Rivera.

2. The term "Defendant" ("you" or "your") shall mean Citgo Petroleum Corporation. It also includes the Defendant's agents, counsel, insurers, employees, officers, trustees, partners or other persons acting for or on behalf of the Defendant.

3. The term "Premises" shall mean the Citgo Braintree Fueling Terminal located at or about 385 Quincy Avenue, Braintree, Norfolk County, Massachusetts.

4. The term "Incident" refers to the incident alleged in the Plaintiff's Complaint which occurred on or about September 24, 2017.

### Interrogatories

1. Please state your full name, any other names by which you have been known, current residential address, current business address, position and/or title you hold with the Defendant, the dates between which you have been employed by the Defendant, and the identify of each and every person with whom you have consulted in preparing the Defendant's Answers to Interrogatories, including in your answer all information provided by such persons.

2. Please describe the nature of the Defendant's business and the services it provides, particularly as they relate to the Premises, and identify all employees of the Defendant who worked on the Premises on the date of the Incident.

3. Please describe any and all contracts entered into by the Defendant and any other entity relative to maintenance and/or property management at the Premises.

4. Please describe the nature of the relationship, contractual or otherwise, between the Plaintiff, Luis Rivera, and the Defendant.

5. If the Defendant was responsible, contractually or otherwise, for ensuring or otherwise providing that the Premises was safe, and/or that workers and members of the public were not exposed to unsafe conditions, including but not limited to uneven pavement and/or asphalt walking surfaces, please describe said responsibilities in detail, including but not limited to the circumstances under which the Defendant had a duty to perform said services.

6. To the extent that the Defendant was not responsible, contractually or otherwise, for ensuring or otherwise providing that the Premises was safe, and/or that workers and members of the public were not exposed to unsafe conditions, including but not limited to uneven pavement and/or asphalt walking surfaces, please identify the persons or entities that were responsible for said services.

7. Please identify the employee(s), agent(s) or servant(s) of the Defendant who were responsible for management, supervision and overall site safety on the Premises on the date of the incident.

8. Please describe in detail your understanding of how the Incident occurred.

9. Please state when and in what manner the Defendant was made aware of the Incident.

10. Please identify all witnesses to the Incident and/or the Plaintiff's damages.

11. Please identify any persons and/or witnesses who have given written statements to the Defendant, its insurers, its servants, agents or employees, concerning the Incident, the condition of the Premises at the time of the Incident, and/or the Plaintiff's damages, giving the names and addresses of such persons, and state in whose custody is each written statement.

12. Please identify each person who has any knowledge of any facts and/or circumstances relating to the Incident and/or the Plaintiff's injuries, and the substance of any such knowledge.

13. Please state the substance of any and all statements made by the Plaintiff regarding the Incident, the condition of the Premises at the time of the Incident, and/or the Plaintiff's damages of which you are aware.

14. Did any employee, agent or officer of the Defendant prepare, submit or make any written statement or report of the Incident? If so please state:

   a) Whether it was the normal practice of the Defendant to undertake such statements or reports;
   b) The date and matter of any such written statement or report; and
   c) The substance and contents of any such written statement or report.

15. Please state whether any agents, servants, or employees of the Defendant took any photographs, pictures, diagrams or sketches of the location where the Incident occurred that purport to depict the scene of the Incident before or after the Incident occurred.  If so state:

    a)   The name and address of the individual who did so; and
    b)   Where said items are now located.

16. Please state whether the Defendant conducted an investigation into the Incident, including the person or persons who conducted said investigation, the findings and/or results of said investigation, whether said findings and/or results were in writing, whether the Incident or the findings and/or result of the investigation were discussed at any meetings, and the date and subject matter of any such meetings.

17. Please describe the condition of the Premises generally and the area where the Incident occurred, specifically including the existence of any uneven pavement and/or asphalt surfaces(s), as it existed on the date of the Incident.

18. Please describe in detail any warnings, either written or oral, placed or posted at the area of the Incident or given to the Plaintiff or any other person prior to the Incident.

19. Please describe any and all work performed on the pavement and/or asphalt surface(s) of the Premises at any time, specifically including the area of the Premises where the Incident occurred, including in your answer the name of the persons or entities who performed such work.

20. If the Defendant contends that the Incident was caused in whole or in part by some person or persons other than the Defendant, please state:

    a)   The full identity of such person;
    b)   How and in what manner such other person caused or contributed to cause the alleged occurrence; and
    c)   The source of such information.

21. Please identify and describe any incidents similar to the Incident that allegedly occurred on the Premises and/or as a result of uneven pavement and/or asphalt walking surfaces in the five (5) years prior to the Incident, specifically including the names of parties involved and the dates on which the incident(s) occurred.

22. Please identify and describe any complaints made by or to the Defendant about the condition of any pavement and/or asphalt surface(s) at any time.

23. Please state whether any inspections were done of the Premises by the Defendant, any contractors and/or government agencies (e.g., OSHA) on the day of the Incident and/or following the Incident, including in your answer whether any reports were created in connection with said inspections and the results/findings of said inspections.

24. Please describe in complete detail what the Defendant, its agents, servants, employees and/or contractors did to ensure that the Premises was safe and reasonably free of all hazards and defects, specifically including uneven pavement and/or asphalt walking surfaces, on or before the date of the Incident.

25. Please state the name and present address of each person whom the Defendant expects to call as an expert witness at the trial of this action, along with:

    a.   The subject matter on which each expert may be expected to testify;

      b.     The substance of all facts and opinions to which each expert may be expected to testify; and

      c.     A summary of the grounds for each opinion listed in the answer to part b of this Interrogatory.

26.    If there exists any policy of liability insurance (whether primary, excess, or umbrella; please state which) which insures the defendant for personal injury damage arising from the circumstances alleged in the Plaintiff's Complaint, please state:

      a.     The name and address of the insurance company issuing each such policy;

      b.     The limits of liability insurance afforded by each such policy; and

      c.     Whether each such policy contains a medical payment provision.

27.    Please state with particularity the factual basis for each and every affirmative defense alleged in Defendant's Answer.

Respectfully submitted,

The Plaintiff,
By his Attorneys,

Jason R. Markle
BBO# 665875
Keches Law Group, P.C.
2 Granite Avenue, Suite 400
Milton, MA 02186
(508) 821-4317
Email: jmarkle@kecheslaw.com

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO: 2082CV00896

LUIS RIVERA and )
KERRI RIVERA, )
       Plaintiffs, )
     )
v. )
     )
CITGO PETROLEUM )
CORPORATION, )
       Defendant )

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, CITGO PETROLEUM CORPORATION

    The Plaintiffs in the above-entitled action, Luis Rivera and Kerri Rivera, through their attorney, and pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, request the Defendant, Citgo Petroleum Corporation, to produce and permit the Plaintiffs to inspect, copy and/or photograph all documents and things in the possession, custody or control of the Defendant, or any attorney, consultant or agent of the Defendant, which embody, refer to, or relate in any way to the subject matter listed hereafter.

    The Plaintiffs request that the documents and things herein requested be produced at the offices of Plaintiffs' attorney, Jason R. Markle, Keches Law Group, P.C., 2 Granite Avenue, Suite # 400, Milton, Massachusetts 02186, on or before the thirtieth (30th) day after service of this Request, except that compliance with this request may be made by mailing copies of such documents to said Plaintiffs attorney, postage prepaid, such mailings to be postmarked on or before the thirtieth (30th) day following service of said Request.

### Definitions

1.    The term "Plaintiff" shall mean Luis Rivera.

2.    The term "Defendant" ("you" or "your") shall mean Citgo Petroleum Corporation.  It also includes the Defendant's agents, counsel, insurers, employees, officers, trustees, partners or other persons acting for or on behalf of the Defendant.

3.    The term "Premises" shall mean the Citgo Braintree Fueling Terminal located at or about 385 Quincy Avenue, Braintree, Norfolk County, Massachusetts.

4.    The term "Incident" refers to the incident alleged in the Plaintiff's Complaint which occurred on or about September 24, 2017.

### Requests

1.    Copies of any and all statements in any form, signed or unsigned, of any and all witnesses that relate directly or indirectly to the Incident, the condition of the Premises on or about the day of the incident, and/or the Plaintiff's damages.

2.  Copies of any and all statements in any form, signed or unsigned, of the Defendant or the Defendant's agents or employees that relate directly or indirectly to the Incident, the condition of the Premises on or about the day of the incident, and/or the Plaintiff's damages.

3.  Copies of any and all statements in any form, signed or unsigned, made by the Plaintiff or the Plaintiff's agents that relate directly or indirectly to the Incident, the condition of the Premises on or about the day of the incident, and/or the Plaintiff's damages.

4.  Any and all reports of investigations that relate directly or indirectly to the Incident, the condition of the Premises on or about the day of the incident, and/or the Plaintiff's damages.

5.  Any and all reports made by or on behalf of the Defendant that relate directly or indirectly to the Incident, the condition of the Premises on or about the day of the incident, and/or the Plaintiff's damages.

6.  Any and all letters and statements of any kind whatsoever in the possession, custody, or control of the Defendant, its agents, servants, and/or employees that notified the Defendant of the Incident and/or unsafe conditions at the Premises, specifically including uneven pavement and/or asphalt walking surface(s).

7.  All documents describing the condition of the Premises in the area where the Incident occurred during or around September 2017.

8.  Any and all correspondence and other documents between the Defendant and any federal, state, municipal or administrative agency, including but not limited to OSHA, that relate directly or indirectly to the Incident, the condition of the premises on or about the day of the incident, and/or the Plaintiff's damages.

9.  Any and all correspondence between the Defendant and any third party that has any aspects of the Incident and/or the Plaintiff's damages as its subject matter.

10. Any and all notices, signs and/or warnings posted on the Premises concerning unsafe and/or hazardous conditions, including but not limited to uneven pavement and/or asphalt walking surface(s), which were in place on or before the date of the Incident.

11. Any and all photographs of the Premises, including but not limited to the area where the Plaintiff's Incident occurred, taken on or before the date of the Incident.

12. Any and all videotapes and/or photographs depicting the Plaintiff, including but not limited to surveillance videotapes and photographs.

13. All reports concerning any other incidents or occurrences at the Premises that involved unsafe conditions, including but not limited to uneven pavement and/or asphalt walking surfaces, and workers or members of the public at any time.

14. Any and all complaints made by or to the Defendant regarding unsafe conditions on the Premises at any time, specifically including any such complaints about the area where the incident occurred.

15. Any and all written or otherwise documented communications, including but not limited to correspondence, complaints, memoranda, emails, other electronic documents, work orders, invoices, and/or any other documents relating in any way to the condition of the pavement and/or asphalt surfaces of the Premises, including but not limited to the area of the Premises where the Incident occurred.

16. Any and all other documents concerning the Incident, the condition of the area where the incident occurred, and/or the Plaintiff's injuries.

17. Any and all contracts, agreements and work orders relative to work to be performed at or near the area where the Incident occurred on the Premises by any contractors, including but not limited to any and all work performed on the pavement and/or asphalt surface(s) of the Premises.

18. Any and all contracts, agreements and/or other documents between the Defendant and any other person, company or entity regarding maintenance and/or property management at the Premises.

19. Any and all contracts, agreements and/or other documents between the Defendant and any other person, company or entity relating in any way to any and all work performed on pavement and/or asphalt surface(s) of the Premises which was performed or scheduled to be performed at any time.

20. Any and all contracts, agreements and/or other documents between the Defendant and the Plaintiff's employer, Volta Oil Company, Inc., which detail why the Plaintiff was present on the Premises on the date of the Incident.

21. Any payroll records, daily logs, daily reports, notes or other documents indicating the names and addresses of all agents, servants or employees of the Defendant, who were present at the Premises on the date of the Incident.

22. Any and all policies, procedures or other guidelines which detail the Defendant's procedure(s) for ensuring that workers and other persons on the Premises were not exposed to unsafe conditions on the Premises, including but not limited to uneven pavement and/or asphalt walking surface(s).

23. Any and all documents that relate in any way to training provided to the Defendant's employees relative to ensuring that employees, workers, and/or other persons are not exposed to unsafe conditions on the Premises.

27. Any and all policies of insurance, including but not limited to coverage selection pages or declaration sheets, and any other agreements under which the Defendant or any other entity may be liable to satisfy, in whole or in part, any judgment which may enter in the instant litigation or to indemnify any other party as a result of the acts of negligence referred to in Plaintiff's Complaint.

28. Any and all documents that the Defendant intends to introduce as evidence in a trial of this action.

Respectfully submitted,

The Plaintiffs,
By their Attorneys,

Jason R. Markle
BBO# 665875
Keches Law Group, P.C.
2 Granite Avenue, Suite 400
Milton, MA 02186
(508) 821-4317
Email: jmarkle@kecheslaw.com

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                SUPERIOR COURT DEPARTMENT
                                           OF THE TRIAL COURT
                                           CIVIL ACTION NO: 2082CV00896

LUIS RIVERA and                )
KERRI RIVERA,                  )
            Plaintiffs,        )
                               )
v.                             )
                               )
CITGO PETROLEUM                )
CORPORATION,                   )
            Defendant          )

### PLAINTIFF'S NOTICE OF TAKING 30 (b)(6) DEPOSITION OF CITGO PETROLEUM CORPORATION

TO:    Person(s) with the Most Knowledge
       Citgo Petroleum Corporation
       1293 Eldridge Parkway
       Houston, TX 77077

Notice is hereby given that on **Wednesday, March 3, 2021 at 10:00 a.m.** at the offices of KECHES LAW GROUP, P.C., 2 Granite Avenue, Suite 400, Milton, Massachusetts, the Plaintiff will take the deposition upon oral examination of the Defendant, **Citgo Petroleum Corporation,** by the person/persons most knowledgeable concerning those matters identified in the attached Schedule "A" pursuant to Mass. R. Civ. P. 30(b)(6).

The Defendant's attention is directed to Mass. R. Civ. P. 30(b)(6) requiring a corporation to designate one (1) or more officers, directors, managing agents, or other persons to testify on its behalf concerning those matters identified in Schedule "A." The Defendant, through its designated person(s), is further requested to bring to the deposition all documents listed on the attached Schedule "B."

This deposition will be taken pursuant to the Massachusetts Rules of Civil Procedure before Christine Parisi, a Notary Public for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

                              Respectfully submitted,
                              By his Attorneys,
                              KECHES LAW GROUP, P.C.

                              Jason R. Markle  BBO #: 665875
                              KECHES LAW GROUP, P.C.
                              2 Granite Avenue, Suite 400
                              Milton, MA 02186
                              Tel. No.: (508) 822-2000

**\*NOTE:** The deponent must bring a valid driver's license, passport or other federal or state issued photo identification which includes his/her signature. The notary administering the oath is required to obtain satisfactory identification.

## Definitions

1.    The term "Plaintiff" shall mean Luis Rivera.

2.    The term "Defendant" ("you" or "your") shall mean Citgo Petroleum Corporation.  It also includes the Defendant's agents, counsel, insurers, employees, officers, trustees, partners or other persons acting for or on behalf of the Defendant.

3.    The term "Premises" shall mean the Citgo Braintree Fueling Terminal located at or about 385 Quincy Avenue, Braintree, Norfolk County, Massachusetts.

4.    The term "Incident" refers to the incident alleged in the Plaintiff's Complaint which occurred on or about September 24, 2017.

## Schedule A

1.    The identify of each and every person with whom the Defendant consulted in preparing Answers to Interrogatories in this case/

2.    The nature of the Defendant's business and the services it provides, particularly as they relate to the job site, and the identity of all employees of the Defendant who worked on the job site in September 2017.

3.    Any and all contracts entered into by the Defendant and any other entity relative to maintenance and/or property management at the Premises.

4.    The  nature of the relationship, contractual or otherwise, between the Plaintiff, Luis Rivera, and the Defendant.

5.    If the Defendant was responsible, contractually or otherwise, for ensuring or otherwise providing that the Premises was safe, and/or that workers and members of the public were not exposed to unsafe conditions, including but not limited to uneven pavement and/or asphalt walking surfaces, please describe said responsibilities in detail, including but not limited to the circumstances under which the Defendant had a duty to perform said services.

6.    To the extent that the Defendant was not responsible, contractually or otherwise, for ensuring or otherwise providing that the Premises was safe, and/or that workers and members of the public were not exposed to unsafe conditions, including but not limited to uneven pavement and/or asphalt walking surfaces, identify the persons or entities that were responsible for said services.

7.    The identity of the employee(s), agent(s) or servant(s) of the Defendant who were responsible for management, supervision and overall site safety on the Premises on the date of the incident.

8.    Detailed description of your understanding of how the Incident occurred.

9.    When and in what manner the Defendant was made aware of the Incident.

10.    The identity of all witnesses to the Incident and/or the Plaintiff's damages.

11.   The identity of any persons and/or witnesses who have given written statements to the Defendant, its insurers, its servants, agents or employees, concerning the Incident, the condition of the Premises at the time of the Incident, and/or the Plaintiff's damages, giving the names and addresses of such persons, and state in whose custody is each written statement.

12.   The identity of each person who has any knowledge of any facts and/or circumstances relating to the Incident and/or the Plaintiff's injuries, and the substance of any such knowledge.

13.   Any and all statements made by the Plaintiff regarding the Incident, the condition of the Premises at the time of the Incident, and/or the Plaintiff's damages of which you are aware.

14.   If any employee, agent or officer of the Defendant prepared, submitted or made any written statement or report of the Incident:

   a.   Whether it was the normal practice of the Defendant to undertake such statements or reports;
   b.   The date and matter of any such written statement or report; and
   c.   The substance and contents of any such written statement or report.

15.   Whether any agents, servants, or employees of the Defendant took any photographs, pictures, diagrams or sketches of the location where the incident occurred that purport to depict the scene of the Incident at or before the time it occurred, including:

   a.   The name and address of the individual who did so; and
   b.   Where said items are now located.

16.   Whether the Defendant conducted an investigation into the Incident, including the person or persons who conducted said investigation, the findings and/or results of said investigation, whether said findings and/or results were in writing, whether the Incident or the findings and/or result of the investigation were discussed at any meetings, and the date and subject matter of any such meetings.

17.   Description of the condition of the Premises generally and the area where the Incident occurred, specifically including the existence of any uneven pavement and/or asphalt surfaces(s), as it existed on the date of the Incident.

18.   Detailed description of any warnings, either written or oral, placed or posted at the area of the Incident or given to the Plaintiff or any other person prior to the Incident.

19.   Any and all work performed on the pavement and/or asphalt surface(s) of the Premises at any time, specifically including the area of the Premises where the Incident occurred, including in your answer the name of the persons or entities who performed such work.

20.   If the Defendant contends that the Incident was caused in whole or in part by some person or persons other than the Defendant, state:

   a)   The full identity of such person;
   b)   How and in what manner such other person caused or contributed to cause the alleged occurrence; and

- 3 -

       c)     The source of such information.

21.    Identify and describe any incidents similar to the Incident that allegedly occurred on the Premises and/or as a result of uneven pavement and/or asphalt walking surfaces in the five (5) years prior to the Incident, specifically including the names of parties involved and the dates on which the incident(s) occurred.

22.    Identify and describe any complaints made by or to the Defendant about the condition of any pavement and/or asphalt surface(s) at any time.

23.    Whether any inspections were done of the Premises by the Defendant, any contractors and/or government agencies (e.g., OSHA) on the day of the Incident and/or following the Incident, including in your answer whether any reports were created in connection with said inspections and the results/findings of said inspections.

24.    Detailed description of what the Defendant, its agents, servants, employees and/or contractors did to ensure that the Premises was safe and reasonably free of all hazards and defects, specifically including uneven pavement and/or asphalt walking surfaces, on or before the date of the Incident.

25.    The identity and present address of each person whom the Defendant expects to call as an expert witness at the trial of this action, along with:

       a.     The subject matter on which each expert may be expected to testify;
       b.     The substance of all facts and opinions to which each expert may be expected to testify; and
       c.     A summary of the grounds for each opinion listed in the answer to part b of this Interrogatory.

26.    If there exists any policy of liability insurance (whether primary, excess, or umbrella; please state which) which insures the defendant for personal injury damage arising from the circumstances alleged in the Plaintiff's Complaint, state:

       a.     The name and address of the insurance company issuing each such policy;
       b.     The limits of liability insurance afforded by each such policy; and
       c.     Whether each such policy contains a medical payment provision.

27.    The factual basis for each and every affirmative defense alleged in Defendant's Answer.

## Schedule B

1.   Any and all documents produced and/or exchanged by the parties during the course of discovery in this matter.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Luis Rivera | COUNTY | |
|---|---|---|---|
| ADDRESS: | 142 Sarah Sherman Road, Rochester, Plymouth County, MA | Norfolk | |
| | | DEFENDANT(S): | Citgo Petroleum Corporation |
| ATTORNEY: | Jason R. Markle, Esq. | | |
| ADDRESS: | KECHES LAW GROUP, P.C. | ADDRESS: | 1293 Eldridge Parkway, Houston, Texas |
| | 2 Granite Avenue, Suite 400 | | |
| | Milton, MA 02186 | | |
| BBO: | 665875 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence | F | ☒ YES    ☐ NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

| | |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses | $ 5,000+ |
| 2. Total doctor expenses | $ 71,000+ |
| 3. Total chiropractic expenses | $ TBD |
| 4. Total physical therapy expenses | $ TBD |
| 5. Total other expenses (describe below) | $ TBD |
| Subtotal (A): | $ 76,000 + |
| B. Documented lost wages and compensation to date | $ 250,000+ |
| C. Documented property damages to dated | $ |
| D. Reasonably anticipated future medical and hospital expenses | $ TBD |
| E. Reasonably anticipated lost wages | $ TBD |
| F. Other documented items of damages (describe below) | $ |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
As a result of the Defendant's negligence, the Plaintiff suffered a severe knee injury that has required extensive treatment, including four surgical procedures.

TOTAL (A-F):$  326,000+

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X  *Jason Markle*          Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superio

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on D
Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services
advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record:  X  *Jason Markle*

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property  Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (X) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c. 12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SQ Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.